IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT E. CORDOVA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0551-N |
| | § | |
| WILLIAM J. FAY | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Herbert E. Cordova, an inmate in the Bradshaw State Jail, against his former attorney, William J. Fay. On January 10, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on May 19,

---

[1] Plaintiff originally filed this action in the Tyler Division of the Eastern District of Texas. On February 22, 2006, the case was transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). *Cordova v. Fay*, No. 6-06-CV-17 (E.D. Tex. Feb. 22, 2006).

2006. The court now determines that this case should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

## II.

Although the precise nature of his claim is difficult to decipher, plaintiff appears to contend that he received ineffective assistance of counsel in connection with an unspecified criminal proceeding. More particularly, plaintiff alleges that the deficient performance of his court-appointed lawyer, including the decision to continue plaintiff on psychiatric medications during trial, resulted in his conviction and "destroyed my entire family life . . . [and] any future relations with my child." (*See* Interog. #4). By this suit, plaintiff seeks money damages and other relief "as per mandate by State Laws of Texas." (Plf. Compl. at 4, ¶ VI).

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>  (1)    is frivolous or malicious;
>
>  (2)    fails to state a claim upon which relief can be granted; or
>
>  (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff cannot maintain a federal civil rights action for at least two reasons. First, it does not appear that any state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid. Plaintiff is therefore precluded from suing for money damages or declaratory relief under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Celestine v. 27th Judicial District Court*, 70 Fed.Appx. 232, 2003 WL 21729414 at *1 (5th Cir. Jul. 25, 2003), *cert denied,* 124 S.Ct. 1465 (2004) (*Heck* bars declaratory judgment action challenging validity of state criminal conviction). Second, the only defendant in this case is a private attorney appointed by the court to represent plaintiff in a state criminal proceeding. A private attorney appointed to represent an indigent defendant does not act under "color of state law" for purposes of section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Ray v. Earle*, No. 3-06-CV-0487-G, 2006 WL 1416733 at *2 (N.D. Tex. May 23, 2006) (Kaplan, J.). For these reasons, plaintiff's claims are without an arguable basis in law.[2]

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[2] To the extent plaintiff challenges his conviction and the duration of his confinement, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, unless and until plaintiff exhausts his available state remedies on direct appeal and collateral review, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 2, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE